## SUCCESSION OF JAMES CUNNINGHAM—PETER CUNNINGHAM, Appellant.

Where the heirs are present the succession is not vacant, and no curator can be appointed to it.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J. Patrick, Thomas, and Peter, brothers of James Cunningham, deceased, and Mary Duffy, his sister, were recognized by the Probate Court as the sole heirs of the deceased, and an order was made to put them in possession of their respective shares of the estate. Peter Cunningham, who had been appointed curator of the vacant succession, presented an account of his administration, praying for its homologation, for his discharge, and for an order to cancel his bond on the payment to the heirs of their shares in the succession. No opposition having been made, the account was homologated on the 30th of April, 1836. In January, 1842, John Wiley presented a petition to the Court of Probates, alleging that he was a creditor of the estate of James Cunningham, the former curator of which was dead, and praying to be appointed curator of the vacant succession. Peter Cunningham opposed this application, and prayed to be appointed himself curator. On the trial of this opposition it was admitted, that the former curator was dead; that Wiley had made a forced surrender under the State insolvent laws, in 1840; and that both Wiley and Peter Cunningham were partners of the deceased in the business of slaters. It was proved that they kept on hand large supplies of slate for the use of those who employed them, and that they occasionally sold slate to others when they had any to spare; but that what they sold was a trifle compared with the stock which they kept for their own use. The judge dismissed both applications, being of opinion that the applicants were commercial partners of the deceased, having unsettled accounts with him, and as such incapable of receiving the appointment of curator; and on the further ground, that a judgment had been rendered acknowledging the heirs of the deceased and ordering them to be put in possession of the estate, and that the whole administration had been clo-

sed by the approval and homologation, on the 12th April, 1836, of the accounts of the curator. From this judgment, Peter Cunningham has appealed.

*Mitchell,* for the appellant. The partnership between the appellant, Wiley, and the deceased, was not a commercial one. *Fouché* v. *His Creditors,* 7 La. 425. The estate has not been closed nor the heirs put in possession. The record shows that large sums were received, of which no account has been rendered.

*Blache,* contra. The successions to be administered by curators are those which are *vacant.* Civ. Code, art. 1090. A succession is vacant when no one claims it, or when all the heirs are unknown, or when all the known heirs to it have renounced it. Civ. Code, art. 1088. In this case, the succession is no longer a vacant one. The heirs of the deceased are all present, or duly represented; they have been recognized by a judgment of the Court of Probates, and have been put in possession of the estate; and the curator, appointed at the opening of the succession, has rendered his account, which has been homologated. The property which, according to his account, was not then disposed of, has since been sold by virtue of a judgment rendered in an action for a partition between the co-proprietors, and nothing remains to be administered. The judgment appealed from should be affirmed.

BULLARD, J. Peter Cunningham is appellant from a judgment of the Court of Probates, dismissing his application to be appointed curator of the succession of James Cunningham, deceased,

Two reasons are given for refusing to make the appointment. *First,* That the petitioner was the commercial partner of the deceased; and *secondly,* That the estate had already been administered, as a vacant estate, by a curator who had rendered his account, and that the heirs, or some of them, are now present.

The second ground appears to us sufficient. The record shows the fact of a former administration, and that the heirs are present. The estate is, therefore, no longer vacant, and a curator cannot be appointed.

*Judgment affirmed.*